MEMORANDUM *
Cristina Cobian de Andalón, native and citizen of Mexico, petitions for review of a decision by the Board of Immigration Appeals (BIA) denying her application for cancellation of removal.
The BIA found that Cobian was ineligible for cancellation of removal under section 240A of the Immigration and Nationality Act, 8 U.S.C. § 1229b, because she did not reside continuously in the United States for seven years after having been “admitted in any status.” 8 U.S.C. § 1229b(a)(2). The BIA found that Cobian was admitted in any status on the date she was granted lawful permanent residence, rather than the date that she applied for adjustment of status or work authorization. We have jurisdiction under 8 U.S.C. § 1252(a) and deny the petition for review.
Cobian argues that the seven-year period should run from (1) the date of her application for adjustment of status or (2) the date when she received her work authorization. We disagree. The BIA did not err in concluding that Cobian was not admitted until her lawful permanent resi *660 dence application was granted. See Vasquez v. Holder, 645 F.3d 1097 at 1103 (9th Cir. June 3, 2011) (holding the mere filing for legal permanent residence status does not constitute an admission “in any status”); Guevara v. Holder, 649 F.3d 1086 at 1094, 2011 WL 2163964 (9th Cir.2011) (holding that work authorization does not confer admission “in any status”). Using the date she was granted legal permanent residence status, Cobian was statutorily ineligible for cancellation of removal as she had not resided in the United States for seven years after having been “admitted in any status.”
PETITION FOR REVIEW DENIED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.